﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/20 Archive Date: 04/30/20

DOCKET NO. 190702-36801
DATE: April 30, 2020

ORDER

Entitlement to a 10 percent rating for status post 3rd metatarsal fracture, left foot is granted.

REMANDED

Entitlement to service connection for bilateral pes planus is remanded.

Entitlement to service connection for TMJ is remanded.

FINDING OF FACT

Status post 3rd metatarsal fracture, left foot is manifested by pain with weight bearing. The foot disability is moderate. 

CONCLUSION OF LAW

The criteria for a 10 percent rating, but no higher, for status post 3rd metatarsal fracture, left foot have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.40, 4.45, 4.59, 4.71a, Diagnostic Code 5284.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty for training from August 1997 to December 1997 and active duty from February 2006 to August 2007. The Board notes that the rating decision on appeal was issued in September 2016. In July 2019, the Veteran elected the modernized review system. 

1. Entitlement to a compensable rating for status post 3rd metatarsal fracture, left foot

The Veteran seeks a compensable rating for his status post 3rd metatarsal fracture, left foot. 

Disability evaluations are determined by the application of the facts presented to VA’s Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.321(a), 4.1.

Separate DCs identify the various disabilities and the criteria for specific ratings. If two disability evaluations are potentially applicable, the higher evaluation will be assigned to the disability picture that more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. §§ 3.102, 4.3.

When evaluating disabilities of the musculoskeletal system, functional loss due to pain and weakness causing additional disability beyond that reflected on range of motion measurements must be considered. See 38 C.F.R. § 4.40; DeLuca v. Brown, 8 Vet. App. 202 (1995). Consideration must also be given to weakened movement, excess fatigability and incoordination. 38 C.F.R. § 4.45.

The disability is rated under Diagnostic Code 5284, “Foot Injuries, other.” The lowest compensable rating is 10 percent for a “moderate” injury, 20 percent for “moderately severe,” and 30 percent a “severe” foot injury rating. With actual loss of use of the foot, a 40 percent rating is warranted.

The Veteran has consistently reported pain in his left foot. At his July 2016 VA examination, the Veteran reported pain with weightbearing. The examiner noted tenderness with palpation along the third metatarsal. At a June 2018 VA examination the Veteran again reported pain in his left foot. In a July 2019 addendum, the examiner clarified that the Veteran’s pain with weight bearing was due to his left foot third metatarsal fracture. 

As the Veteran has pain due to his status post 3rd metatarsal fracture, left foot, we conclude that the overall disability is moderate in degree. There is resulting functional impairment and pain on use. To warrant a higher rating of 20 percent, his injury would need to be moderately severe. The evidence of record does not suggest that his disability is moderately severe. He has pain with weightbearing and palpation but no further residuals. Both examiners noted that the Veteran’s difficulty with standing or walking for prolonged periods is due to his pes planus. Therefore, a rating in excess of 10 percent is not warranted. 

A rating of 10 percent, but no higher, is granted. 

REASONS FOR REMAND

1. Entitlement to service connection for bilateral pes planus is remanded.

The issue of entitlement to service connection for bilateral pes planus is remanded to correct a duty to assist error that occurred prior to the rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained an August 2016 medical opinion prior to the rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s pes planus had its onset in service or is otherwise related to service. While the opinion states that the Veteran’s pes planus is not secondary to his metatarsal fracture, it also states that the pes planus first began in “206.” It is not clear whether the examiner intended to write 2006 or 2016. The Veteran was on active duty during 2006. Therefore, the opinion is inadequate as it fails to address the possibility of direct service connection. 

2. Entitlement to service connection for TMJ is remanded.

The issue of entitlement to service connection for TMJ is remanded to correct a duty to assist error that occurred prior to the September 2016 rating decision on appeal. The Agency of Original Jurisdiction (AOJ) obtained a September 2016 medical opinion prior to the September 2016 rating decision on appeal. However, this medical opinion does not provide an adequate rationale regarding whether the Veteran’s TMJ had its onset in service or is otherwise related to service. The opinion of record states that the Veteran’s TMJ is multifactorial in nature but does not explain which factors contributed and does not state whether his TMJ is at least as likely as not related to his wisdom teeth extraction during active duty. 

The matters are REMANDED for the following action:

1. Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s bilateral pes planus is at least as likely as not related to his active duty.

The opinion must contain a well-reasoned rationale. 

 

Obtain an addendum opinion from an appropriate clinician regarding whether the Veteran’s TMJ is at least as likely as not related to his active duty, to include any dental procedures. The opinion must contain a rationale.

 

 

H. N. SCHWARTZ

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board A. Creegan

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.